1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LAWYER CAMPBELL,                    )   Case No. CV 11-5727-GHK (OP)
                                    )
                Petitioner,         )
                                    )
        v.                          )   MEMORANDUM AND ORDER RE:
                                    )   TRANSFER OF ACTION TO THE
                                    )   UNITED STATES DISTRICT COURT
T. BANKS and B.O.P.,                )   FOR THE EASTERN DISTRICT OF
                                    )   MISSOURI
                Respondent.         )
                                    )
─────────────────────────────      )

**I.**

**PROCEEDINGS**

On July 13, 2011, Lawyer Campbell ("Petitioner") filed a Petition for Writ

of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241

("Petition"). (ECF No. 1.) On August 24, 2011, Respondent filed a Motion to

Dismiss the Petition. (ECF No. 4.) On January 13, 2012, Petitioner filed an

Opposition to the Motion to Dismiss. (ECF No. 8.) After a review of the Motion,

Opposition, and supporting declarations and exhibits, the Court has determined

that this matter should be transferred to the United States District Court for the

Eastern District of Missouri.

/ / /

/ / /

1

## II.

## PROCEDURAL HISTORY

On April 28, 2004, Petitioner was convicted after a jury trial in the Eastern District of Missouri of four drug trafficking offenses and two additional offenses, both involving possession of firearms in furtherance of the drug trafficking offenses.  (ECF No. 4 Schuh Decl. ¶ 4A.)  On August 24, 2004, Petitioner was sentenced to a four-month term of imprisonment for violating 21 U.S.C. § 841(a)(1) (possession with intent to distribute marijuana) (Counts 1, 4), and 21 U.S.C. § 844(a) (possession of methylenedioxymethamphetamine (ecstacy) and heroin) (Counts 3, 6), and to a 360-month, statutorily-required consecutive term for violating 18 U.S.C. § 924(c) (possessing a firearm in furtherance of a drug trafficking crime) (Counts 2 (sixty months), 6 (300 months).)  (ECF No. 4 Schuh Decl. ¶ 4A.)

Petitioner appealed the judgment and sentence to the United States Court of Appeals for the Eighth Circuit.  (Case No. 4:03-cr-499-SNL ECF No. 73.)  On April 25, 2005, the Eighth Circuit affirmed Petitioner's convictions and sentences.  (Id. ECF No. 90.)

Petitioner did not file a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 in the Eastern District of Missouri.  (ECF No. 4 at 3.)

Petitioner is currently incarcerated at the Federal Correctional Institution II in Victorville, California.  (Id. Schuh Decl. ¶ 4B.)

## III.

## PETITIONER'S CLAIMS

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241 and raises the following claims:

(1)     Petitioner is actually innocent of the crime of possessing a firearm in furtherance of a drug trafficking offense, based on the fact that one or

1    more of the arresting officers (Officers Schwerb and Matthews) were

2    allegedly disciplined by the St. Louis Police Department and this

3    newly discovered evidence makes it clear his testimony at trial was

4    unreliable (Pet. Mem. P. & A. at 1);

5    (2)   (a)   The judge was without jurisdiction to impose a sentence of

6    twenty-five years on Count Six because a defendant cannot be

7    tried on charges that are not made in the indictment against

8    him, and Petitioner was sentenced pursuant to a superseding

9    indictment which the government failed to present to a grand

10    jury (id. at 6-7);

11    (b)   Petitioner raises Booker[1] and Apprendi[2] challenges to his two

12    firearm possession convictions (id. at 6-12); and

13    (c)   Petitioner is actually innocent of the two firearm possession

14    convictions because to "use" a firearm requires "actual

15    employment" of the firearm (id. at 12 (citation omitted)).

16    **IV.**

17    **DISCUSSION**

18  **A.**   **Petitioner's Claims Are More Properly Brought Under 28 U.S.C. §**

19    **2255.**

20    A federal prisoner challenging the validity or constitutionality of his

21  conviction or sentence must do so by way of a motion to vacate, set aside, or

22  correct the sentence pursuant to 28 U.S.C. § 2255. Hernandez v. Campbell, 204

23  F.3d 861, 864 (9th Cir. 2000). Only the sentencing court has jurisdiction over a §

24

25    [1] United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621

26  (2005)

27    [2] Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435

28  (2000).

3

1  2255 motion, in this case, the Eastern District of Missouri.  Id.; Tripati v. Henman,

2  843 F.2d 1160, 1163 (9th Cir. 1988).  A federal prisoner challenging the manner,

3  location, or conditions of that sentence's execution must bring a habeas corpus

4  petition pursuant to 28 U.S.C. § 2241.  Hernandez, 204 F.3d at 864.  Respondent

5  contends that the Petition is more properly brought under  § 2255 because

6  Petitioner is attacking the validity of his underlying conviction and sentence,

7  rather than the execution of his sentence.  (ECF No. 4 at 4-6.)  This Court agrees.

8       Although Petitioner has filed the current Petition as a habeas corpus petition

9  pursuant to § 2241, he is actually challenging the legality of the sentence imposed

10  rather than the manner in which his sentence has been executed.  See, e.g., United

11  States v. Sanger 24' Spectra Boat, 738 F.2d 1043, 1046 (9th Cir. 1984) (moving

12  party's label for motion is not controlling; court will construe motion to be the

13  type proper for relief requested).  The substance of each of Petitioner's claims is

14  that he is actually innocent of the 18 U.S.C. § 924(c)(1) (use of a firearm)

15  convictions.  His claims attack the validity of his underlying conviction and

16  sentence or the judge's authority to impose the sentence, rather than the execution

17  of his sentence.  Thus, the claims are more properly the subject of a motion

18  brought under § 2255.

19       Under the savings clause of § 2255, a federal prisoner may file a habeas

20  corpus petition pursuant to § 2241 to contest the legality of a sentence where his

21  remedy under § 2255 is "inadequate or ineffective to test the legality of his

22  detention."  Id. at 864-65 (quoting 28 U.S.C. § 2255(e)); see also Moore v. Reno,

23  185 F.3d 1054, 1055 (9th Cir. 1999).  However, the Ninth Circuit has recognized

24  that this is a narrow exception.  United States v. Pirro, 104 F.3d 297, 299 (9th Cir.

25  1997).  Ultimately, the burden is on the petitioner to show that the remedy is

26  inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir.

27  1963).

28       The Ninth Circuit has consistently held that the savings clause is not

4

available to petitioners who are merely attempting to circumvent § 2255's gate-keeping requirements.  See, e.g., Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006) (claim not based on new rule of constitutional law nor on newly discovered evidence was improper second or successive motion); Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) ("§ 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition . . . .") (citation omitted); United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks [under § 2255] by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."); Moore, 185 F.3d at 1055 (concluding that § 2255 is not inadequate or ineffective merely because a particular prisoner's § 2255 motion is procedurally barred).  Thus, the inability of a petitioner to meet the gate-keeping requirements for a second or successive § 2255 motion does not render § 2255 an inadequate or ineffective remedy.

Nor is the fact that Petitioner alleges he is "actually innocent" of the crimes for which he was convicted sufficient to allow him to proceed under § 2241.  The Ninth Circuit has held that a prisoner who wishes to use a § 2241 petition as a substitute for a § 2255 motion must show that he is actually innocent of the charges against him and that he "has never had an unobstructed procedural shot at presenting [his] claim."  Ivy, 328 F.3d at 1060 (citation omitted) (internal quotation marks omitted).  As noted by the Ninth Circuit, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255.  He must never have had the opportunity to raise it by motion."  Id.

In this case, Petitioner filed a direct appeal but did not file a § 2255 motion. In the direct appeal, Petitioner alleged that the mandatory minimum sentence pursuant to § 924(c) was cruel and unusual punishment and that the trial court erred in denying defense counsel's request for a mistrial after the prosecutor

allegedly made a burden-shifting argument.  (Pet. at 3.)  Then, on March 24, 2010, the federal public defender wrote a letter to Petitioner stating that Officer Schwerb had been involved in the "World Series ticket scandal," in which a number of St. Louis police officers allegedly took illegal tickets for the 2006 World Series from scalpers outside Busch Stadium and gave them to family and friends rather than turning them in as evidence.[3]  (Pet. at 42.)[4]  The letter also indicated that a second officer involved in Petitioner's arrest, Mathews, had come under suspicion "in the last year" for possibly falsifying information in search warrant applications – although the officer was not prosecuted, a number of pending cases in which Matthews was the arresting officer had been dismissed.  (Id. at 42.)

Petitioner subsequently contacted his appellate counsel to find out whether his appeal could be re-opened.  (Id. at 41.)  In a letter dated July 1, 2010, counsel informed Petitioner that he might be able to file a § 2255 petition raising these issues, even though his conviction became final on June 23, 2005, and the one-year statutory deadline for filing such a petition had passed, "since knowledge of the corruption did not come to light until much later."[5]  (Id.)  The Petition here was filed on July 13, 2011.

Petitioner fails to show that a remedy under § 2255 is "inadequate or ineffective."  Petitioner does not show he never had an "unobstructed procedural shot" at presenting his claims.  Petitioner did not previously file a § 2255 motion

_____

[3]  As a result of the World Series ticket incident, which took place in spring of 2007, Officer Schwerb was demoted.  (Pet. Mem. P. & A. at 1); see also United States v. Beck, 557 F.3d 619, 621 (8th Cir. 2009).

[4]  Because the exhibits attached to the Petition do not have page numbers, the Court uses the ECF-generated page number for ease of reference to the exhibits.

[5]  Counsel provided Petitioner with a § 2255 form.

challenging his conviction.  Because Petitioner has not been denied an unobstructed procedural opportunity to present his claims, the Court need not address Petitioner's claim of actual innocence.  See Ivy, 328 F.3d at 1061.

Based on the foregoing, the savings clause of § 2255 does not apply, and the Petition is properly construed as a § 2255 motion.  Section 2255 motions must be heard in the sentencing court.  28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-65.  Because this Court is only the custodial court and construes the Petition as a § 2255 motion, this Court lacks jurisdiction over the Petition. Hernandez, 204 F.3d at 864-85.

**B.    Dismissal or Transfer of the Petition.**

Title 28 U.S.C. § 1631 governs the transfer of civil actions to cure jurisdictional defects, and is the proper statute the Court must utilize for lack of jurisdiction over a habeas petition.[6]  See Hernandez, 204 F.3d at 865 n.6. Transfer is appropriate under § 1631 if three conditions are satisfied:  (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001).  The Court must decide whether the Petition should be dismissed or transferred to the sentencing court, the Eastern District of Missouri.

---

[6]  Title 28 U.S.C. § 1631 states:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

7

1    As discussed, the transferring court, the Central District of California, lacks

2    jurisdiction over the Petition.

3    The transferee court, the Eastern District of Missouri, could have exercised

4    jurisdiction at the time the action was filed in this Court on July 13, 2011.  As the

5    sentencing court, the Eastern District of Missouri could hear Petitioner's attack on

6    his conviction and sentence through a § 2255 motion.  28 U.S.C. § 2255(a).

7    It is not altogether clear whether this action is time-barred.  Respondent

8    concedes that pursuant to § 2255(f) Petitioner has a year after discovering new

9    evidence to file a motion, and "might still be afforded the opportunity to file a §

10   2255 motion . . . before the sentencing Court in the Eastern District of Missouri . .

11   ." (ECF No. 4 at 10.)  Moreover, the federal habeas statute of limitations bar is an

12   affirmative defense and is not jurisdictional.  Day v. McDonough, 547 U.S. 198,

13   205, 209-10, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006).

14   It also does not appear that the current Petition is a "second or successive" §

15   2255 motion that would deprive the Eastern District of Missouri of jurisdiction

16   because Petitioner has not previously filed a § 2255 motion.[7]  Burton v. Stewart,

17   549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam) (stating

18   second or successive habeas petition without appellate court authorization

19   deprives court of jurisdiction); Cooper v. Calderon, 274 F.3d 1270, 1274-75 (9th

20   Cir. 2001) (same).

21   Finally, a transfer of the Petition would be in the interest of justice.

22   Cruz-Aguilera, 245 F.3d at 1074.  "Normally transfer will be in the interest of

23   justice because normally dismissal of an action that could be brought elsewhere is

24   time consuming and justice-defeating."  Id. (citation omitted) (internal quotation

25

26   _____

27   [7] Because Petitioner brings a "disguised" § 2255 motion instead of a
     legitimate § 2241 petition, the second or successive analysis applies.  See Harrison
28   v. Ollison, 519 F.3d 952, 961-62 (9th Cir. 2008).

8

marks omitted). "When determining whether transfer is in the interest of justice, courts have considered whether the failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." Id. Here, transfer would serve the interest of justice by preventing unnecessary delay caused by requiring Petitioner to re-file the Petition in the Eastern District of Missouri. In addition, other than the question of whether the Petition was timely filed, there is nothing to indicate that Petitioner did not file the Petition in good faith.

## V.

## **ORDER**

IT IS THEREFORE ORDERED that: (1) this matter is transferred to the United States District Court for the Eastern District of Missouri in the furtherance of justice; and (2) Respondent's Motion to Dismiss is DENIED as moot.

DATED: 2/8/12

HONORABLE GEORGE H. KING
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge

9